IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MELISSA K. McDIFFITT,

    Plaintiff,

v.                                       Civil Action No. 5:15CV58
                                                                      (STAMP)
CAROLYN W. COLVIN,
Acting Commissioner
of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION,
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT,
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND REMANDING CIVIL ACTION TO COMMISSIONER**

I.  Procedural History

The plaintiff, Melissa Kaye McDiffitt ("McDiffitt"), filed an application for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act respectively. The Social Security Administration denied McDiffitt's application initially and on reconsideration. McDiffitt requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held at which McDiffitt was represented by counsel. At the hearing, McDiffitt testified on her own behalf, as did a vocational expert.

The ALJ issued a decision finding that McDiffitt was not disabled under the Social Security Act but instead found that McDiffitt had a Residual Functional Capacity to perform a range of

sedentary work subject to certain nonexertional limitations. Further, the ALJ found that McDiffitt was unable to perform her past relevant work, but that there were jobs in significant numbers that McDiffitt could perform. Thus, McDiffitt's benefits were again denied. McDiffitt then timely filed an appeal of the decision to the Appeals Council. The Appeals Council denied McDiffitt's request for review.

McDiffitt then filed a request for judicial review of the ALJ's decision in this Court. The case was referred to United States Magistrate Judge Michael J. Aloi for submission of proposed findings of fact and recommendation for disposition under 28 U.S.C. § 636(b)(1)(B). Both parties filed motions for summary judgment. After consideration of those motions, the magistrate judge entered a report recommending that McDiffitt's motion for summary judgment be granted, and that this action be remanded to the Commissioner for further action. Upon submitting his report, Magistrate Judge Aloi informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report. The magistrate judge further informed the parties that failure to timely object would result in a waiver of the right to appeal a judgment resulting from the report and recommendation. Neither party filed objections.

## II. Applicable Law

As there were no objections filed to the magistrate judge's recommendation, his findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Additionally, because no party filed objections to the report and recommendation, the parties waived their right to appeal from a judgment of this Court based thereon. Thomas v. Arn, 474 U.S. 140, 148-53 (1985).

## III. Discussion

Magistrate Judge Aloi concluded that the ALJ failed to provide a complete explanation of her finding that McDiffitt did not meet or equal any impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. The magistrate judge correctly noted that an ALJ must "compare the [claimant's] actual symptoms to the requirements of any relevant listed impairments in more than a summary way." Cook v. Heckler, 783 F.2d 1168, 1173 (4th cir. 1986). The magistrate judge concluded that the ALJ failed to consider McDiffitt's fibromyalgia and chronic fatigue syndrome in conducting her impairment listing analysis. Indeed, the ALJ failed to mention McDiffitt's fibromyalgia and chronic fatigue syndrome or any related symptoms in conducting her impairment listing analysis, despite finding that those conditions were severe impairments. Accordingly, this Court finds no error in the magistrate judge's findings and recommendations.

## IV. Conclusion

For the reasons set forth above, this Court finds that the magistrate judge's report and recommendation is not clearly erroneous and AFFIRMS and ADOPTS the magistrate judge's report and recommendation (ECF No. 17). Accordingly, McDiffitt's motion for summary judgment (ECF No. 10) is GRANTED, and the defendant's motion for summary judgment (ECF No. 13) is DENIED. It is ORDERED that this case be REMANDED to the Commissioner for further action in accordance with this order. It is further ORDERED that this civil action be STRICKEN from the active docket of this Court.

Finally, this Court finds that the parties were properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the parties failed to object, they have waived their right to seek appellate review of this matter. See Arn, 474 U.S. at 148-53.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   August 3, 2016

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE